IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RODERICK LEWIS for himself and his children DONTRELLE LEWIS, DEANTE ASKEW, and DANIELLE MARSHALL, LOIS LEWIS, SERITA ASKEW for her minor children ANDRE SILAS and DAVEON SILAS, TERRANCE STALLWORTH and TRAVIS STALLWORTH,<br>    Plaintiffs,<br><br>v.<br><br>COREY FLAGG STAR #16186,<br>W. HRONOPOULOS STAR #9785,<br>M. KOCANDA STAR #13471,<br>and THE CITY OF CHICAGO<br>    Defendants. | )<br>)<br>)<br>)<br>) No. 06 C 5607<br>)<br>) Judge Zagel<br>)<br>) Magistrate Judge Nolan<br>)<br>) Jury Demand<br>)<br>)<br>)<br>)<br>)<br>) |

## AMENDED COMPLAINT

### COUNT I - FOURTH AMENDMENT

### JURISDICTION AND VENUE

1. This Court has jurisdiction based on 28 U.S.C. §§1331 and 1343(a) because the case raises federal constitutional issues.

2. The Court has supplementary jurisdiction over substantially related state claims based on 28 U.S.C. 1367(a).

3. This is an appropriate venue because all of the alleged acts occurred within the

Northern District of Illinois and all of the parties reside within the Northern District of Illinois.

4. This action is brought pursuant to 42 U.S.C. §1983 for violations of Plaintiffs constitutional rights under the Fourth Amendment as incorporated and applied to state governments through the Fourteenth Amendment to the United States Constitution.

## PARTIES

5. Plaintiffs are citizens of the United States and residents of Chicago, Illinois.

6. Defendants, Flagg, Hronopoulos, and Kocanda, were on duty and acting under color of state law at all times relevant to this Complaint.

7. The City of Chicago is a municipality organized under the laws of the State of Illinois and it is the employer of Defendants Flagg, Hronopoulos, and Kocanda.

## THE FOURTH AMENDMENT VIOLATION

8. On January 20, 2005, Plaintiff, Roderick Lewis, was in his vehicle several blocks from 7526 S. Chappel, Chicago, IL.

9. On January 20, 2005, Plaintiff, Lois Lewis, was at her residence at 7526 S. Chappel, Chicago, IL.

10. The Defendant officers did not have a search warrant for the Plaintiff or his vehicle.

11. The Defendant officers did not have an arrest warrant for the Plaintiff on January 20, 2005.

2

12. The Defendant officers did not witness the Plaintiff breaking any city, county, state, and/or federal law when defendant Flagg stopped plaintiff in his vehicle on January 20, 2005.

13. The Defendant officers did not have consent to search the Plaintiff or his vehicle on January 20, 2005.

14. On January 20, 2005, the Defendant officers illegally stopped the Plaintiff and searched the Plaintiff and his vehicle.

15. None of the Defendant officers found illegal substances or weapons when they searched Plaintiff Roderick Lewis blocks from 7526 S. Chappel, Chicago, IL.

16. The Defendant officers detained the Plaintiff in violation of Roderick Lewis's rights under the Fourth Amendment.

17. As a direct and proximate result of that unconstitutional detention, Roderick Lewis suffered actual harm.

18. Plaintiff Lois Lewis, along with Dontrelle Lewis, Deante Askew, Danielle Marshall, Andre Silas, and Daveon Silas, some of whom are minor children, were at her residence at 7526 S. Chappel, Chicago, Illinois on January 20, 2005.

19. The Defendant officers did not have an arrest warrant for Lois Lewis or any of the other plaintiffs on January 20, 2005.

20. The Defendant officers did not have a valid search warrant for 7526 S. Chappel, Chicago on January 20, 2005.

21. Defendants did not witness Lois Lewis, Dontrelle Lewis, Deante Askew, Danielle Marshall, Andre Silas, and Daveon Silas at 7526 S. Chappel, on January 20, 2005, break any City, State, County, or Federal law/statute.

22. Plaintiff Lois Lewis is the owner of the residence at 7526 S. Chappel.

23. The Defendant officers did not have consent to search the residence or any person in the residence of 7526 S. Chappel, on January 20, 2005.

24. After the illegal stop and unsuccessful search of Plaintiff, Roderick Lewis, the Defendant officers brought Roderick Lewis to 7526 S. Chappel on January 20, 2005.

25. While at 7526 S. Chappel, the Defendant officers and other unknown Chicago Police officers verbally threatened, intimidated and harassed all of the persons present at 7526 S. Chappel.

26. The Defendant officers proceeded to search the entire building at 7526 S. Chappel.

27. No illegal substances or weapons were found during the hours long search at 7526 S. Chappel.

28. The search included the use of a Chicago Police K-9 unit.

29. After the unsuccessful search at 7526 S. Chappel Defendant Flagg took Plaintiff, Roderick Lewis, to Roderick's residence in Calumet City, Illinois.

30. Using Plaintiff Roderick Lewis' house keys Defendant Flagg illegally entered the residence in Calumet City and searched it.

31. Defendant Flagg did not find any illegal substances or weapons at the Calumet

City residence.

32. Defendant Flagg did not have a search warrant for the residence in Calumet City.

33. Defendant Flagg did not notify the Calumet City Police that Chicago Police were entering their jurisdiction to conduct a search of a residence.

WHEREFORE, Plaintiffs pray this Court will award them actual and punitive damages as well as costs and reasonable attorney's fees against the defendants.

## COUNT II - FALSE ARREST OF RODERICK LEWIS

1-33. Plaintiff Roderick Lewis re-alleges paragraphs 1-33 of Count I as paragraphs 1-33 of Count II.

34. The Defendants wrote false and misleading police reports alleging that the Plaintiff possessed narcotics on January 20, 2005.

35. Ultimately the criminal charges against Plaintiff Roderick Lewis were dismissed on the Motion of the Cook County States Attorneys office. (November 8, 2005)

36. As a direct and proximate result of the unconstitutional conduct of the Defendant officers, Plaintiff Roderick Lewis suffered actual harm.

Wherefore, Plaintiff prays this Honorable Court award him actual and punitive damages as well as costs and reasonable attorneys fees against the defendants.

## COUNT III - STATE MALICIOUS PROSECUTION

1-33. Plaintiff re-alleges paragraphs 1-33 of Count I as paragraphs 1-33 of Count III.

34. The Defendant officers wrote false and misleading police reports regarding the arrest of plaintiff, including but not limited to stating that they witnessed the plaintiff possess narcotics on January 20, 2005.

35. The Defendant officers knew their false police reports would be relied on by superior officers and Assistant State's Attorneys to determine charges against the plaintiff.

36. Based on the Defendants' false reports, Plaintiff was charged with possession of narcotics.

37. On November 8, 2005, all of the criminal charges against Plaintiff, Roderick Lewis, were dismissed on the motion of the Cook County States Attorneys office.

38. Plaintiff is innocent of the charged offenses.

WHEREFORE, Plaintiff prays this Court will award him actual and punitive damages as well as costs and reasonable attorney's fees against the defendants for his false arrest.

**COUNT IV - FALSE ARREST OF TERRANCE AND TRAVIS STALLWORTH**

1. Plaintiff realleges counts 1-36 of Counts I and II as Counts 1036 of Count III.

37. Defendant officers placed Terrance and Travis Stallworth under arrest outside 7526 S. Chappel, Chicago on January 20, 2005.

38. Defendant officers did not have an arrest warrant for either plaintiff.

39. Defendant officers did not have a search warrant for either plaintiff.

40. Defendant officers did not witness either plaintiff break any City, County,

6

State, and/or Federal law prior to arresting both plaintiffs.

WHEREFORE, Terrance and Travis Stallworth pray this Court will award them actual and punitive damages as well as costs and reasonable fees against the defendants.

## COUNT V - STATUTORY INDEMNIFICATION

1-40. Plaintiff re-alleges paragraphs 1-40 of Count I, II, III, and IV as paragraphs 1-40 of Count IV.

41. At all relevant times 745 ILCS 10/9-102 was in full force and effect.

42. The defendant officers were acting under color of state law and as employees of the City of Chicago.

WHEREFORE, Plaintiffs pray the Court will award them actual damages and costs against the City of Chicago.

Respectfully Submitted,

S/Kevin Peters
THOMAS PETERS
KEVIN PETERS
Attorneys for Plaintiff
407 S. Dearborn, Suite 1675
Chicago, Illinois 60605
312-697-0022